UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

GRAZYNA SIEMIONKO,                                    Index No.: 15-CV-4329 (DLI)(RML)

                                        Plaintiff,

                                                                **AMENDED**
                                                                **COMPLAINT**
        vs.

                                                                **Plaintiff demands**
                                                                **Trial by Jury**
CITY OF NEW YORK, POLICE OFFICER KEVIN NG
Individually and SERGEANT JOSEPH CHEN Individually,

                                        Defendants.

--------------------------------------------------------------------------------X

        Plaintiff complaining of the Defendants by her attorneys, Tumelty & Spier, LLP,

hereby allege, upon information and belief, as follows:

## PREAMBLE

        1.      This is an action to redress the deprivation by the Defendants of the rights

secured to the Plaintiff by the Constitution and Laws of the United States and the State of

New York.

        2.      Jurisdiction of this Court is invoked under the provisions of Sections 1331,

1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988

of Title 42, United States Code.

        3.      Venue is placed in the Eastern District of New York because it is the District

where the Plaintiff resides and where the claimed acts and omissions occurred.

4.    A valid Notice of Claim for Plaintiff regarding each of the claims herein was filed with the City of New York on or about April 7, 2015, within ninety (90) days of the accrual of the claims delineated below.

5.    The Plaintiff appeared and was questioned by representatives of the Defendant City of New York at Hearings pursuant to General Municipal Law section 50-H were held on June 18, 2015.

## THE PARTIES

6.    Plaintiff GRAZYNA SIEMIONKO (hereinafter "SIEMIONKO") was and still is an adult resident of Kings County, City and State of New York.

7.    The Defendant CITY OF NEW YORK is a municipal corporation formed and existing pursuant to the laws of the State of New York.

8.    The Defendant CITY OF NEW YORK is responsible for the hiring, training, staffing, and supervision of the New York City Police Department.

9.    The Defendant POLICE OFFICER KEVIN NG, a police officer employed by the New York Police Department, using Tax Reg. #956975 (hereafter "P.O. NG") is an adult resident of the State of New York.

10.    That P.O. NG, upon information and belief, was assigned to the 66th Police Precinct at all times herein mentioned.

11.    At all relevant times P.O NG was employed as a New York City Police Officer and was employed by the City of New York.

12.     At all times hereinafter mentioned, Defendant P.O. NG was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

13.     Defendant P.O. NG is sued only in his individual capacity.

14.     At all times hereinafter mentioned, Defendant P.O. NG was acting under color of law, to wit:  The laws of the State of New York and City of New York.

15.     The Defendant SERGEANT JOSEPH CHEN, a police officer employed by the New York Police Department (hereafter "SERGEANT CHEN") is an adult resident of the State of New York.

16.     That Defendant SERGEANT CHEN, upon information and belief, was assigned to the 66th Police Precinct at all times herein mentioned.

17.     At all relevant times Defendant SERGEANT CHEN was employed as a New York City Police Officer and was employed by the City of New York.

18.     At all times hereinafter mentioned, Defendant SERGEANT CHEN was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

19.     Defendant SERGEANT CHEN is sued only in his individual capacity.

20.     At all times hereinafter mentioned, Defendant SERGEANT CHEN was acting under color of law, to wit:  The laws of the State of New York and City of New York.

21.     At all relevant times Defendant SERGEANT CHEN was working as a partner to Defendant P.O. NG.

22.     At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with one another.  Each Defendant had the duty and the opportunity

to protect the Plaintiff from the unlawful actions of the other Defendants, namely the unlawful arrest, assault, battery, abuse of process, and violation of civil and constitutional rights, but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiffs' injuries.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF GRAZYNA SIEMIONKO

23. On February 5, 2015, at approximately 7:10 AM, Plaintiff SIEMIONKO was a passenger on a B35 bus on her way to work in Brooklyn, New York.

24. At that date, time, and location Plaintiff was not engaged in any unlawful or criminal acts.

25. That P.O NG, Defendant SERGEANT CHEN and other NYPD Officers stopped the bus in which the Plaintiff SIEMIONKO was traveling.

26. That Plaintiff SIEMIONKO stepped off the bus.

27. That P.O NG, Defendant SERGEANT CHEN and other NYPD Officers approached Plaintiff SIEMIONKO and demanded that she stop and remain with the Officers.

28. That Plaintiff SIEMIONKO complied with the police officers' demands.

29. That P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers restrained Plaintiff SIEMIONKO with handcuffs.

30.     That P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers removed Plaintiff SIEMIONKO'S purse from her person and took possession of the purse.

31.     That after Plaintiff SIEMIONKO was handcuffed, Plaintiff SIEMIONKO was taken to a police squad car and transported to the 66th Police Precinct.

32.     That Plaintiff SIEMIONKO was photographed and fingerprinted while being detained at the 66th Police Precinct.

33.     That Plaintiff SIEMIONKO was detained for approximately four (4) hours before she was released from custody.

34.     That Plaintiff SIEMIONKO was issued a Desk Appearance Ticket by Defendant P.O. NG, bearing the "Top Defense Charge: PL 165.40," commanding Plaintiff SIEMIONKO to appear in the Criminal Court of the City of New York in Kings County on March 27, 2015 for offenses Plaintiff SIEMIONKO had not committed.

35.     That upon Plaintiff SIEMIONKO'S release and return of Plaintiff SIEMIONKO'S purse, some of Plaintiff SIEMIONKO'S personal property was missing, namely printer supplies and a calendar.

36.     That Plaintiff SIEMIONKO in fact appeared at the Criminal Court of the City of New York in Kings County on March 27, 2015, however no charges were filed.

37.     That the above actions by Defendants P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers violated the rights granted to Plaintiff SIEMIONKO pursuant to the Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiff SIEMIONKO seeks relief pursuant to USC 42 § 1983.

38.     That due to the above, Plaintiff SIEMIONKO sustained damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF GRAZYNA SIEMIONKO

39.     Plaintiff SIEMIONKO repeats and reiterates the preceding paragraphs as if fully set forth.

40.     That the acts of the Defendants P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers violated the rights granted to the Plaintiff SIEMIONKO pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiff SIEMIONKO seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

41.     That due to the above acts of the Defendants P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers, Plaintiff SIEMIONKO sustained damages.

## AS AND FOR A THIRD CAUSE OF ACTION FOR UNLAWFUL SEIZURE AND FALSE IMPRISONMENT ON BEHALF OF GRAZYNA SIEMIONKO

42.     On February 5, 2015, at approximately 7:10 AM, in the vicinity of four B35 bus stops from 39th Street and Fort Hamilton Parkway in Brooklyn, New York, Defendant P.O. NG and other NYPD Officers detained, seized, stopped and arrested Plaintiff SIEMIONKO.

43.     Defendants P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers intended to detain, and seize Plaintiff SIEMIONKO.

44.     At the time of the detention and seizure of the Plaintiff SIEMIONKO on February 5, 2015, there was no warrant of arrest outstanding for Plaintiff SIEMIONKO.

45.     The arrest, detention and seizure of Plaintiff SIEMIONKO by Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers was unlawful.

46.     There was no probable cause or legal justification to detain, or seize Plaintiff SIEMIONKO.

47.     There was no legal justification or excuse for the detention and seizure of Plaintiff SIEMIONKO.

48.     Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers knew that there was no probable cause or legal basis to seize or detain Plaintiff SIEMIONKO.

49.     Plaintiff SIEMIONKO was aware and conscious of her seizure, confinement and detention.

50.     Plaintiffs SIEMIONKO did not consent to the detention or seizure of her person by Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers.

51.     Defendants Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers committed the above acts under color of state law.

52.     As the result of the foregoing, Plaintiff SIEMIONKO feared for her personal safety, was deprived of her liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

53.     Due to the above, Plaintiff SIEMIONKO has sustained damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR ASSAULT ON

## BEHALF OF GRAZYNA SIEMIONKO

54.     Plaintiff repeats the preceding paragraphs as if fully set forth.

55.     That during the seizure and detention of Plaintiff SIEMIONKO, the officers caused Plaintiff to reasonably fear that the Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers were about to cause a harmful and offensive bodily contact with the persons of the Plaintiff SIEMIONKO.

56.     That the Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers intentionally acted to place Plaintiff SIEMIONKO in fear of their harmful and offensive conduct.

57.     That the Defendants did grab Plaintiff SIEMIONKO and forcibly searched Plaintiff SIEMIONKO and did cause physical contact with Plaintiff SIEMIONKO'S person.

58.     That the acts of the Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers were not justified.

59.     That due to the above acts of the Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers, Plaintiff SIEMIONKO sustained damages.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR BATTERY ON

## BEHALF OF GRAZYNA SIEMIONKO

60.     Plaintiff SIEMIONKO repeats the preceding paragraphs as if fully set forth.

61.     That during the arrest of Plaintiff SIEMIONKO, Defendant P.O. NG,

Defendant SERGEANT CHEN and other NYPD Officers did use a harmful and offensive

bodily contact with the persons of the Plaintiff SIEMIONKO.

62.     That Plaintiff SIEMIONKO was forcibly touched and handcuffed during the

arrest by Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers.

63.     That the Defendant P.O. NG, Defendant SERGEANT CHEN and other

NYPD Officers acted intentionally in causing the harmful and offensive physical contact

with Plaintiff SIEMIONKO.

64.     That Plaintiff SIEMIONKO did not consent to the offensive and harmful

contacts.

65.     That the acts of Defendant P.O. NG, Defendant SERGEANT CHEN and

other NYPD Officers were not justified.

66.     That due to the above acts of the Defendant P.O. NG, Defendant

SERGEANT CHEN and other NYPD Officers, Plaintiff SIEMIONKO sustained damages.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST CITY OF NEW YORK ON BEHALF OF GRAZYNA SIEMIONKO

67.     Plaintiff SIEMIONKO repeats the preceding paragraphs as if fully set forth.

68.     That the City of New York had a formal policy in place regarding the handling

of arrests and stops and frisks by NYPD police officers that was promulgated and adopted.

69.     That at the time of the claims herein there was in existence the unlawful

practice of arresting persons on less than probable cause by subordinate officials that was so

permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant CITY OF NEW YORK.

70.     That the failure by Defendant CITY OF NEW YORK to properly train and supervise their police officer employees, including co-Defendant P.O. NG, co-Defendant SERGEANT CHEN and other NYPD Officers involved in Plaintiff SIEMIONKO'S arrest, amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

71.     That Defendant P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers violated the constitutional rights of Plaintiff SIEMIONKO as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

72.     Due to the above, Plaintiff SIEMIONKO has sustained damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST CITY OF NEW YORK ON BEHALF OF GRAZYNA SIEMIONKO

73.     Plaintiff SIEMIONKO repeats the preceding paragraphs as if fully set forth.

74.     That the Defendant CITY OF NEW YORK is responsible for the acts of their employees, as set forth above.

75.     That the acts of the individual Defendants P.O. NG, Defendant SERGEANT CHEN and other NYPD Officers violated the rights granted to Plaintiff SIEMIONKO pursuant to Article 1 §12 of the New York State Constitution.  As such, Plaintiff SIEMIONKO seeks relief pursuant to *Brown v. State*, 89 N.Y.2d 172 (1996).

76.     The unlawful acts of the individual Defendant P.O. NG, Defendant SERGEANT CHEN  and other NYPD Officers, as set forth above, were permitted, condoned and ratified by the New York City Police Department and said conduct was part of a systemic custom and practice, and occurred due to the negligence and gross negligence of the CITY OF NEW YORK and its agent the New York City Police Department.

77.     Due to the above, Plaintiff SIEMIONKO has sustained damages.

## ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

78.     The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

79.     The Defendants acted with intent.

80.     The Defendants acted knowingly or intentionally, jointly or in concert, and in a conspiracy to "cover-up" the unlawful acts of the co-Defendants and to otherwise deprive Plaintiff SIEMIONKO of due process of law, to cause the acts or failures upon which liability is based.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

As to the First Cause of Action:

   a.   Compensatory damages in the amount of $500,000.00 dollars;

   b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

   c.   Attorneys' fees and costs of this action;

   d.   Such other relief as is fair, just, or equitable.

As for the Second Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Third Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Fourth Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Fifth Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Sixth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Seventh Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

Dated:  New York, New York
          February 26, 2016

By: _____
           John Tumelty, Esq. (JT2840)
Tumelty & Spier, LLP

Attorneys for Plaintiff
160 Broadway, Suite 708
New York, New York 10038
Phone (212) 566-4681
Fax (212) 566-4749
E-mail: johntslaw@aol.com